**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 15 2014, 6:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**LINDA K. HUGHES**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICK DELKS,                                    )
                                               )
    Appellant-Petitioner,                   )
                                               )
        vs.                         )      No. 84A01-1309-PC-416
                                               )
STATE OF INDIANA,                              )
                                               )
    Appellee-Respondent.                    )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1012-PC-4031

**May 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Rick Delks appeals the post-conviction court's denial of his petition for post-conviction relief, raising the following issue for our review: whether Delks received ineffective assistance of trial counsel. Concluding the post-conviction court's denial of Delks's petition was not erroneous, we affirm.

## Facts and Procedural History

Between December 2007 and January 2008, Delks babysat K.B. and her younger brother at Delks's home on a number of occasions. At that time, K.B was five years old. In January 2008, Shelly Green, a friend of K.B.'s mother, noticed that K.B. acted strangely around Delks and did not wish to be around him. After speaking with K.B. and her mother, Green went to the police and filed a report that Delks had molested K.B. On January 29, 2008, K.B. was taken to an advocacy center where she was interviewed regarding the alleged molestation, and that interview was videotaped.

On February 12, 2008, Delks was charged with one count of child molesting, a Class A felony. A two-day jury trial took place on May 5-6, 2009. K.B. was the only eyewitness to Delks's molestation and was consequently the State's star witness at trial. When called to testify, K.B. demonstrated that she understood the difference between the truth and a lie and that she was required to tell the truth in court. K.B. testified that while Delks was babysitting her, he inserted his finger inside her vagina while they were on the couch in the living room. She also testified that she and Delks watched "bad movies" that were pornographic in nature. Trial Transcript at 74.

After K.B.'s testimony, the State moved to admit the videotape of the interview of K.B. conducted by the advocacy center. Delks's trial counsel objected, arguing that the

videotape was inadmissible because it did not bear sufficient indications of reliability. After discussion outside the presence of the jury, the trial court ruled that the videotape would be admitted over objection.[1] The videotaped interview was then played for the jury. The content of K.B.'s videotaped statements was consistent with her trial testimony. She said that Delks had put his finger inside her vagina and that the two had watched "[d]irty movies" together when Delks babysat her. Trial Tr. at 128. The videotape also contained additional statements not made during K.B.'s live testimony, including that Delks sucked on K.B.'s "boobies" and made her touch his "pee pee." Trial Tr. at 126, 131.

The jury found Delks guilty as charged. He was sentenced to thirty years, with twenty-five years executed in the Indiana Department of Correction and five suspended to be served in community corrections. Delks appealed, and his conviction was affirmed by this court in an unpublished memorandum decision. See Delks v. State, 924 N.E.2d 679 (Ind. Ct. App. 2010).

In October 2010, Delks filed a pro se petition for post-conviction relief, which was later amended after appointment of a public defender. Delks's petition alleged that he received ineffective assistance of trial counsel. An evidentiary hearing was held on June 12, 2013. On August 30, 2013, the post-conviction court denied Delks's petition. This appeal followed.

---

[1] K.B.'s videotaped statement was admitted pursuant to Indiana Code section 35-37-4-6, also known as the Protected Person Statute.

## Discussion and Decision

### I.  Standard of Review

A petitioner seeking post-conviction relief bears the burden of establishing grounds for relief by a preponderance of the evidence.  Ind. Post-Conviction Rule 1(5).  A petitioner who is denied post-conviction relief appeals from a negative judgment, which may be reversed only if "the evidence as a whole leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court."  Stevens v. State, 770 N.E.2d 739, 745 (Ind. 2002), cert. denied, 540 U.S. 830 (2003).  We defer to the post-conviction court's factual findings, unless they are clearly erroneous.  Id. at 746.

The Sixth Amendment's "right to counsel is the right to the effective assistance of counsel."  Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)).  To establish a claim of ineffective assistance of counsel, a convicted defendant must show (1) that counsel's performance was deficient such that it fell below an objective standard of reasonableness based on prevailing professional norms and (2) the defendant was prejudiced by counsel's deficient performance.  Id. at 687.  When considering whether counsel's performance was deficient, the reviewing court begins with a "strong presumption" that counsel's performance was reasonable.  Id. at 689.  A defendant is prejudiced if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

The two prongs of the Strickland test—performance and prejudice—are independent inquiries, and both prongs need not be addressed if the defendant makes an

4

insufficient showing as to one of them. Id. at 697. For instance, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed" without consideration of whether counsel's performance was deficient. Id.

## II. Ineffective Assistance of Counsel

Delks claims that he received ineffective assistance of counsel. Specifically, Delks maintains that his counsel's objection to K.B.'s videotaped statement should have focused on an Indiana Supreme Court decision, Tyler v. State, 903 N.E.2d 463 (Ind. 2009), that was decided approximately one month before Delks's trial. As Delks points out, the court in Tyler held that if a protected person's prerecorded statement and live testimony are both consistent and are otherwise admissible, testimony of the protected person may be presented at trial by live testimony or through the prerecorded statement, but not both. Id. at 467.

A discussion of trial counsel's performance is unnecessary, because we conclude Delks has not shown prejudice resulting from his counsel's failure to cite Tyler in his objection. K.B.'s videotaped statement was largely cumulative of her live testimony at trial, and there is no dispute that K.B.'s live testimony was sufficient to satisfy each element of the charge of child molesting.

Delks relies on a statement in Tyler that admission of both a child's live testimony and videotaped statements "can be unfairly prejudicial." Id. However, we recognize the actual holding in Tyler was that the admission of both live testimony and recorded statements was not reversible error, where the recorded statements were consistent with live testimony. Id. That holding was based in part upon the court's acknowledgment of

5

deference to the trial court's discretion in assessing prejudicial impact. Id. at 467 n.4. The post-conviction court in this case noted the holding in Tyler and similarly concluded that the admission of K.B.'s videotaped statement was not unduly prejudicial. We cannot say the post-conviction court erred when it concluded Delks was not prejudiced by his trial counsel's alleged deficiency.

## Conclusion

Concluding the post-conviction court did not err by denying Delks's petition for post-conviction relief, we affirm.

Affirmed.

RILEY, J., and BRADFORD, J., concur.